UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| William Von Long, | ) | Civil Action No.: 4:18-cv-02223-RBH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden, Broad River Correctional Institution, | ) | |
| Respondent. | ) | |

Petitioner William Von Long, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for review of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[1] who recommends summarily dismissing Petitioner's habeas petition as untimely. *See* ECF Nos. 14 & 17.

**Legal Standards**

**I.    Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

II. **One-Year Statute of Limitations for Filing a § 2254 Habeas Petition**

Petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336–37 (1997).

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 has one year to file his petition after the latest of four enumerated events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, under subsection (A), "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated [in subsections (B), (C), or (D)] is present and starts the clock running at a later date." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

The one-year limitation period is suspended for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In interpreting § 2244(d)(1) and (2), the Fourth Circuit has clarified the time that elapses between completion (or expiration) of direct review and commencement of state post-conviction review counts toward the one-year limitation period. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("In short, [28 U.S.C. § 2244(d)] provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."). The one-year limitation period in "§ 2244(d) is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), but "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted).

## Discussion[2]

---

[2] The R & R throughly summarizes the relevant facts and applicable law with citations to the record and judicially noticed sources. *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]"). The Court also takes judicial notice of the filings available through the electronic South Carolina Appellate Case Management

3

The Court agrees with the Magistrate Judge that Petitioner's habeas petition is untimely.[3] On March 7, 2012,[4] the South Carolina Court of Appeals filed an opinion affirming Petitioner's convictions on two counts of armed robbery and one count of possessing a weapon during a violent crime. ECF No. 8 at p. 2; *State v. Long*, No. 2012-UP-166, 2012 WL 10841319 (S.C. Ct. App. Mar. 7, 2012). Petitioner then had fifteen days to file a petition for rehearing. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."); Rule 242(c), SCACR (establishing that an appellant cannot petition the South Carolina Supreme Court for review of the Court of Appeals' decision unless a petition for rehearing is filed in and acted on by the Court of Appeals). Because Petitioner did not file a petition for rehearing or seek discretionary review in the South Carolina Supreme Court, his convictions became final fifteen days later on **March 22, 2012**, the date that the time for seeking review expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

---

System and the Horry County Fifteenth Judicial Circuit Public Index. *See Long v. State*, No. 2016-000013, available at https://ctrack.sccourts.org/public/ (C-Track website); *see Long v. State*, No. 2012CP2609212, available at https://publicindex.sccourts.org/Horry/PublicIndex (Horry County Public Index website). *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]"). Finally, the Court takes judicial notice of the filings in Petitioner's prior § 1983 action. *See Long v. Suggs*, No. 4:16-cv-03260-RBH (D.S.C.).

[3]   The Magistrate Judge raised the issue of timeliness *sua sponte* and provided Petitioner an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Hill*, 277 F.3d at 705–08 (recognizing a district court may raise the one-year limitation period *sua sponte* so long as it "give[s] the *pro se* § 2254 petitioner prior notice and an opportunity to respond"). Petitioner has also had an opportunity to respond via his objections to the R & R.

[4]   The R & R incorrectly lists this date as "March **23**, 2012," which affected how the Magistrate Judge calculated the limitation period. R & R at p. 1 (emphasis added). The Court modifies the R & R to reflect the correct date is March **7**, 2012, and uses that date in computing the applicable time.

4

Pursuant to § 2244(d), the limitations period ran for **252 days from March 27, 2012, to November 29, 2012**, the date that Petitioner filed his state post-conviction relief ("PCR") application. The limitations period was tolled until **March 2, 2017**, the date that the remittitur from the South Carolina Supreme Court (which denied certiorari to review the state circuit court's denial of his PCR application) was filed in the Office of the Clerk of Court for Horry County.[5] *See* 28 U.S.C. § 2244(d)(2); *Beatty v. Rawski*, 97 F. Supp. 3d 768, 775–76, 780 (D.S.C. 2015) (holding the final disposition of a PCR proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court). Consequently, the limitations period began running again on **March 2, 2017**, and expired 113 days later on **June 23, 2017**. However, Petitioner did not file the instant § 2254 petition until **August 9, 2018**, the date he delivered the petition to the prison mail room for filing with this Court. ECF No. 1 at p. 15; *see Houston v. Lack*, 487 U.S. 255, 276 (1988) (providing a pro se prisoner's document is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). The Court concludes Petitioner's instant § 2254 petition is untimely because it was filed over a year after the expiration of the one-year limitations period in 28 U.S.C. § 2244(d). Moreover, the Court finds Petitioner is not entitled to equitable tolling because he has not shown that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his habeas petition. *See Holland*, 560 U.S. at 649.

In sum, the Court finds Petitioner's § 2254 petition is untimely, not subject to equitable tolling,

---

[5] Somewhat confusingly, Petitioner states in his objections that he "was granted the relief sought in the post conviction relief application February 28th 2017." ECF No. 17 at p. 2. However, February 28, 2017 was simply the date that the South Carolina Supreme Court issued the remittitur of its order denying certiorari. Also, Petitioner's statements in his objections indicate he misunderstands how the limitations period is calculated.

5

and must be denied.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court overrules Petitioner's objections and **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 14]. Accordingly, the Court **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina | s/ R. Bryan Harwell |
| November 7, 2018 | R. Bryan Harwell |
| | United States District Judge |